IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM A. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 08- cv-2882 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the | ) | |
| Social Security Administration. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, this 14th day of July, 2009, upon consideration of careful review of Plaintiff's Request for Review [Doc. No. 10], Defendant's Response in Opposition [Doc. No. 11], and the attached Report and Recommendation of Magistrate Judge Linda K. Caracappa [Doc. No. 14], to which no objection has been filed, and the Record herein, it is hereby **ORDERED** as follows:

1. The Clerk of Court is directed to remove this action from the suspense docket and return it to the active docket;

2. The Report and Recommendation of United States Magistrate Judge Linda K. Caracappa dated April 30, 2009, is **APPROVED AND ADOPTED** in full;[1]

---

[1] In this action, brought pursuant to 42 U.S.C. § 405(g), Plaintiff seeks reviews of the final decision of the Social Security Administration denying his claim for disability insurance benefits under Titles II and XVI of the Social Security Act. Plaintiff challenges the Administrative Law Judge's ("ALJ") decision that he is not disabled. He argues that the ALJ failed to include greater vision restrictions in the report even though they had been previously offered to a vocational expert. Additionally he claims that the ALJ failed to include a "sit/stand" option in Plaintiff's residual functional capacity ("RFC") formulation. The Court wholly agrees with the thorough Report and Recommendation ("R & R") of U.S. Magistrate Judge Linda K. Caracappa that Plaintiff's request be granted in part and denied in part, resulting in a remand of the case for further review. The ALJ's findings must be affirmed if they are supported by "substantial evidence." Richardson v. Perales, 402 U.S. 389, 401. Judge Caracappa determined that there was substantial evidence to show that a "sit/stand" option was properly considered, but that visual restrictions

3. The Plaintiff's Request for Review is **GRANTED IN PART AND DENIED IN PART**;

4. The case is **REMANDED** in accordance with the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation of Magistrate Judge Caracappa; and

5. The Clerk of court is directed to **CLOSE** this action for statistical purposes.

It is so **ORDERED**.

**BY THE COURT:**

s/Cynthia M. Rufe

_____

**CYNTHIA M. RUFE, J.**

---

were not appropriately taken into account.  The Court agrees.

The R & R details how the ALJ, in her written findings and decisions, considered Plaintiff's night driving restrictions due to visual impairments, but failed to take into account all medical opinions regarding Plaintiff's visual limitations with respect to far acuity, accommodation, depth perception, and field of vision.  Judge Caracappa correctly points out that while the Commissioner's Answer to Plaintiff's Request for Review explains this deficiency by refuting the medical opinions regarding visual impairment, the written findings of the ALJ do not.  Without the ALJ's assessment of all possible visual limitations, the Court cannot find that the ALJ considered all possible limitations that are supported by the record.  See Chrupcala v. Heckler, 829 F.2d 1268, 1276 (3d. Cir. 1987).  The case shall be remanded for reconsideration and further findings on this point only.

As the Commissioner has elected not to object to any of the findings or recommendations in the R&R, this Court will not elaborate further on the matter.  The R&R will be approved and adopted as provided in this Order.